Brian S. King, #4610
**Brian S. King, Attorney at Law**
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Attorney for Plaintiff

---

## THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL T. BENSON, | : **AFFIDAVIT OF** |
| | : **BRIAN S. KING** |
| Plaintiff, | : |
| | : **Civil No. 2:10-CV-275 TS** |
| vs. | : |
| | : |
| HARTFORD LIFE AND ACCIDENT | : |
| INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

---

STATE OF UTAH          )
                                    :ss
County of Salt Lake    )

Brian S. King, being first duly sworn upon oath, deposes and states as follows:

1.      I am over 18 years of age, I am competent to give this testimony and I have personal

knowledge of the matters of which I testify.

2.      I am the attorney for the Plaintiff in the above captioned matter and I am a member in

good standing of the Utah State Bar.

3.      After the parties submitted briefs on the issue of the permissibility of discovery in an

ERISA case, the Court issued its Memorandum Decision and Order Regarding

1

Discovery ("Discovery Order").  A copy of the Discovery Order is attached hereto as Exhibit A.

4.  After making revisions to the proposed Interrogatories and Requests for Production of Documents  ("Benson Discovery Req.") I had submitted in connection with the briefing on the discovery issue, I served the revised Benson Discovery Req. on Hartford on July 27, 2010.  A copy of the Benson Discovery Req. is attached hereto as Exhibit B.

5.  Hartford objected to the Discovery Order and the parties provided extensive briefing and supplemental briefing in connection with both the Discovery Order and the relevance of the September, 2010 Tenth Circuit decision in Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 10th Cir. 2010).

6.  The Court issued its second Memorandum Decision and Order Regarding Discovery ("2nd Discovery Order") on January 28, 2011.  A copy of the 2nd Discovery Order is attached hereto as Exhibit C.

7.  Hartford produced its responses ("Hartford Discovery Resp.") to the Benson Discovery Req. on March 11, 2011.  A copy of the Hartford Discovery Resp. (without attached documents) is attached hereto as Exhibit D.

8.  In the Hartford Discovery Resp., it stated that no medical reviews of the claim for Kristy Benson ("Kristy") were conducted by Hartford employees.  Rather, the file was referred to University Disability Consortium ("UDC"), an "independent" review organization which contracts with insurers to provide medical reviews of claims.  *See* Ex. D, pp. 9-10, Response to Interrogatory No. 4.

2

9.   UDC has a long and close relationship with Hartford.  Attached hereto as Exhibit E

are selected pages from a deposition transcript for Jonathan Peter Strang, M.D.

("Strang Dep"), the founder of UDC.  Dr. Strang was deposed on February 10, 2006,

in connection with *McMahon v. Continental Casualty Co.*, Case No. C-05-01292

CRB (N.D. Cal.)[1].

10.   The deposition transcript illustrates the importance of the financial relationship

between Hartford and UDC to UDC's fiscal viability.   For example, at the time the

deposition was taken in 2006, 75% of UDC's revenue came from reviews of Hartford

claims.  Strang Dep. pp. 32-33.

11.   UDC had a "volume discount arrangement" for file reviews with Hartford in which it

reduced its file review fee from $300 per file to $225 per file, in exchange for

Hartford's commitment to refer 200 to 250 files per month to UDC.  Strang Dep. pp.

39-41.

12.   Based on information in the Hartford Discovery Resp., UDC provided 769 reviews

for Hartford in 2010, the year Kristy's appeal was being considered. Ex D, Response

to Interrogatory No. 12, p. 16.

13.   As to Interrogatory No. 13 in the Benson Discovery Req., how many of the file

reviews by UDC resulted in upholding a denial of benefits and how many resulted in

overturning a previous denial, Hartford refused to provide a substantive response.

Instead, Hartford argued that UDC did not, and does not, make claim decisions and

---

[1] Insurance services for Hartford may be provided by Continental Casualty Company.

examining each UDC review and the subsequent decision by Hartford would be

unduly burdensome.  Ex D, Response to Interrogatory No. 13, pp. 16-18.

14.    Evidence in the Record suggests that the UDC reviewers, while perhaps not making

the final decision about Kristy's eligibility for waiver of her premium, provided

opinions about what her restrictions and limitations were in response to specific

questions asked of UDC by Hartford.  Benson Rec. 000065 –70; Benson Rec. 000071

– 75.

15.    More recently obtained by Benson are a portion of a packet of marketing materials

prepared by UDC which were submitted as an exhibit to the plaintiff's summary

judgment motion in Teague v. Hartford Life and Accident Ins. Co., case no. 1:05-cv-

223, W.D. No. Carolina 2005.  Copies of the documents are attached hereto as

Exhibit F.

16.    UDC marketing materials discuss the services it will provide to its customers and

clients, including:

> . . . provision of medical opinions to support claims strategy from a
> legal/ settlement perspective, improved denial and closure rates and
> reduced costs are a probable result.

Id.

17.    The UDC marketing materials contain multiple references to educating and

sensitizing treating physicians to "the rehabilitation model of disability management"

(Ex. F. pp. ST007236, ST007255) and "the complexities of the disability

management model, functional capacity or medical legal theory" (Ex F., p.

ST007251).

4

18.   The materials also assert that UDC can assist with "improvement in work
productivity with reduced costs for employer; probably reduced medical and insurer
costs" in the context of both psychiatric disability claims (Ex F, p. ST007256) and
disability claims based on medical [physicial] illness or injury (Ex F, p. ST007258).

19.   Pages ST007263 through ST007265 provide fee schedules for various services
provided by UDCfor its clients and customers.

20.   UDC also asserts that its practices comply with and respect "ethical principles and
guidelines of the American Medical Association."  Ex F. p. ST007232.

21.   The American Psychiatric Association states that it is unethical for a psychiatrist to
offer a professional opinion about the condition of an individual unless the
psychiatrist has conducted an examination of the patient.  American Psychiatric
Association, "The Principles of Medical Ethics" §7, ¶3, 2008 Edition.

22.   Likewise, the American Psychological Association states that ". . . psychologists
provide opinions of the psychological characteristics of individuals only after they
have conducted an examination of the individuals adequate to support their
statements or conclusions." American Psychological Association, "Ethical Principles
of Psychologists and Code of Conduct."
http://www.apa.org/ethics/code2002.html#9_01. (last viewed 7/22/11).

23.   Dr. Ruffell, the UDC psychiatrist who reviewed Kristy's claim, not only did not
examine or meet with Kristy in person, but reviewed no psychiatric or psychological
records for Kristy before offering her opinion and recommendation and spoke to no

qualified treating physician about Kristy's psychological diagnoses or symptoms.

Benson Rec. 000071 – 75.

FURTHER AFFIANT SAYETH NOT.



_____
Brian S. King

On the 22nd day of July, personally appeared before me Brian S. King, who acknowledged to

me that he has read the foregoing document, that the same is true to the best of his

knowledge and as to matters stated therein upon information and belief, he also believes

them to be true.

Notary Public
LINDA PURDY
Commission #579254
My Commission Expires
August 28, 2013
State of Utah

_Linda Purdy_
NOTARY PUBLIC
Residing in Salt Lake City, Utah

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered
via the Court's electronic notice and filing system:

James L. Barnett
HOLLAND & HART
60 East South Temple, Suite 2000
Salt Lake City, UT 84111

Jack M. Englert, Jr.
HOLLAND & HART
6380 S. Fiddler's Green Circle, Suite 500
Greenwood, CO 80111

DATED this 22nd day of July, 2011.

_s/ Linda Purdy_

6